Dear Mayor Fontenot:
You have asked this office to advise you whether the law prohibits you from serving as the elected Mayor of the Town of Simmesport and also as the town's representative on the Board of Commissioners of the Avoyelles Fire Protection District No. 2. To resolve your question, reference to the following provisions of R.S. 42:63, dealing with dual officeholding, is necessary:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
"Elective office", "appointive office", "full-time", and "part-time" are defined by LSA-R.S. 42:62 as follows:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 (4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
A mayor holds local elective office. A member of the board of commissioners of the fire protection district holds part-time appointive office. The law does not prohibit this arrangement, as the second position is held on a part-time basis.
Note that the fire protection district is a political subdivision of the state, and a creature of the police jury. See R.S. 40:1492. Further, R.S. 40:1496(B)(4) concerning appointment to the board of commissioners provides:
 (4) In any case where three or more municipalities are included within the boundaries of a district lying within a single parish, the parish governing authority shall appoint two members and the governing authority of each municipality shall appoint one member notwithstanding the provisions of Subsection A herein. The members so appointed shall elect the chairman of the board.
Of concern are the incompatibility provisions of R.S. 42:64, providing:
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana. A board or commission so created may elect officers from its own membership, and if a joint commission of two parishes, except a joint commission that has as its function the operation and maintenance of a causeway and its related roadways, may also appoint a member of one of such parish's governing body to be its general superintendent.
The exception of R.S. 42:64(A)(1) which permits the local governing authority to appoint its membership to boards or commissions "created by them" is inapplicable here as the fire protection district is a creature of the parish and not the municipality.
However, the Mayor may be appointed by the parish governing authority as the Town of Simmesport does not participate in the appointments made by the parish pursuant to R.S. 40:1496. In that circumstance, R.S.42:63(D) would not prohibit the arrangement. We attach a copy of Attorney General Opinion 00-105 in which we reached a similar conclusion.
Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams